**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PHILIP MURPH.,

                    Petitioner,

         -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
13-CV-2594 (JMA)

FILED
CLERK
9/17/2020 5:00 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge**:

      Petitioner Philip Murph ("Petitioner") was convicted in 2009, after a jury trial before the Honorable Leonard D. Wexler, of multiple drug-related charges. Petitioner was sentenced to twenty years' imprisonment and nine years' supervised release. After the Second Circuit affirmed his conviction and sentence, Petitioner moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on multiple claims of ineffective assistance of counsel. He also asked for an evidentiary hearing.

      In April 2014, Petitioner's § 2255 motion was denied because his various ineffective assistance claims were found to lack merit. Petitioner's motion for reconsideration was also denied. Petitioner appealed those rulings and moved for a certificate of appealability, *in forma pauperis* status on appeal, and a remand for an evidentiary hearing. In November 2015, the Second Circuit issued a mandate denying those motions and dismissing Petitioner's appeal.

      Petitioner now moves under Federal Rule of Civil Procedure 60(b)(6) for relief from the order denying the § 2255 motion. Petitioner argues that his post-conviction counsel effectively abandoned his case when he raised a defective and facially insufficient claim for ineffective assistance of trial counsel. Petitioner also raises an ineffective assistance of counsel claim

1

regarding his trial counsel that asserts a new ground for § 2255 relief. For the following reasons, the Court denies Petitioner's motion and orders that the case remain closed.

## I. BACKGROUND

### A. Underlying Facts and Criminal Proceedings

The Court assumes familiarity with the background of this case. By way of a review, the Court draws the following facts from the April 2014 opinion, issued by the Honorable Arthur D. Spatt, that denied Petitioner's § 2255 motion and recounts only the factual matters relevant to the pending Rule 60(b)(6) motion. (ECF No. 14.)

On May 1, 2008, Petitioner was arrested pursuant to a warrant, and later that day he was charged with conspiracy to possess and distribute 200 grams of cocaine, in violation of 21 U.S.C. § 846. United States Magistrate Judge Arlene R. Lindsay appointed Francis Murphy, Esq. ("Murphy"), under the Criminal Justice Act, to represent him.

Following Murphy's advice, Petitioner attended a proffer session on May 19, 2008, where he acknowledged engaging in certain narcotics transactions. He signed a proffer agreement that provided, *inter alia*, the Government would not offer into evidence any statements made by Petitioner at the meeting, either in its case-in-chief or at sentencing, but that it could use any statements he made for purposes of rebutting or cross-examining him.

Petitioner discharged Murphy shortly thereafter and retained Thomas Liotti, Esq. ("Liotti") to represent him. As the Government explained, several exchanges between the Government and Liotti's associate made it clear to the Government that Petitioner no longer wished to cooperate.

The Government then presented Petitioner's case to a grand jury, which returned a first superseding indictment charging Petitioner with conspiracy to distribute 200 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). A second superseding indictment charged

Petitioner with attempt to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 18 U.S.C. § 2, as well as conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II).

Prior to trial, Petitioner asked Liotti to request a plea offer from the prosecution. The Government presented Petitioner with a plea agreement that included a sentencing enhancement provision, pursuant to 21 U.S.C. § 851(a), based on a prior drug felony conviction (the "§ 851(a) enhancement"). The § 851(a) enhancement increased the mandatory maximum sentence on the attempt count from 20 to 30 years' imprisonment, and, for the conspiracy count, it increased the mandatory minimum sentence to 10 years' imprisonment and the maximum sentence to life imprisonment. Although Liotti asked the Government to consider a lower maximum sentence, he failed to realize that the Government erred in including the § 851(a) enhancement, because the Government never served Petitioner with notice of its intent to rely on a prior conviction to increase any potential sentence, as required by statute. Liotti would later submit an affidavit in support of Petitioner's § 2255 motion where he admitted to this error. (ECF No. 9 at 8.)

Ultimately, the parties could not reach a plea agreement. The case proceeded to a trial by jury before Judge Wexler in January 2009. The jury could not reach a unanimous decision, and the trial ended in a mistrial.

In a second criminal trial, Petitioner was convicted of both charges against him. The Court later denied Petitioner's post-trial motions under Federal Rules of Criminal Procedure 33 and 12(b)(3) for a new trial and to set aside the verdict/dismiss the indictment. Judge Wexler sentenced Petitioner to 240 months' imprisonment on both counts, to run concurrently, as well as four years'

supervised release on the attempt count, and five years' supervised release on the conspiracy count, to run consecutively, for a total supervised release term of nine years.

## B. Petitioner's Direct Appeal

Petitioner appealed the judgment, raising, *inter alia*, an ineffective assistance claim against Murphy; however, he did not raise a challenge to Liotti's representation. On December 19, 2011, the Second Circuit affirmed the judgment of conviction, vacated the sentencing portion for reasons not relevant here, and remanded the cases solely for a limited resentencing proceeding. *United States v. Murph*, 452 Fed. App'x 31 (2011).

On February 3, 2012, the Second Circuit denied Petitioner's request for a hearing or rehearing *en banc*. On April 30, 2012, the United States Supreme Court denied Petitioner's request for a writ of certiorari. *Murph v. United States*, 566 U.S. 980 (2012).

Judge Wexler resentenced Petitioner on April 4, 2012 in accordance with the Second Circuit's directives. The Second Circuit affirmed the amended sentence on May 2, 2012.

## C. Plaintiff's § 2255 Proceedings

In April 2013, Petitioner, through counsel, moved under § 2255 to vacate, set aside, or correct his sentence based on multiple claims of ineffective assistance of counsel. (ECF No. 1.) He also sought an evidentiary hearing and a certificate of appealability. *(Id.)* As to Liotti, Petitioner claimed ineffectiveness based on: (1) Liotti's hearing difficulties during the second trial; and (2) Liotti's failure to object to the improperly included § 851(a) enhancement from the proposed plea agreement. (ECF No. 10 at 20–22.) As to that second claim against Liotti, Petitioner argued that Liotti's failure to object to the erroneous enhancement prejudiced him because: (1) the Government otherwise would have given him a more attractive plea offer; (2) it forced Petitioner

4

to proceed to trial and risk a higher punishment; and (3) the sentence Petitioner received was more severe than those imposed on his co-defendants. *Id.*

In April 2014, Judge Spatt denied the § 2255 motion and the request for an evidentiary hearing. (ECF No. 14.) With regard to the second claim about Liotti, Judge Spatt ruled that, in addition to Petitioner's having no constitutional right to plea bargain, there was no indication the Government would have been willing to make a plea offer without the § 851(a) enhancement. (*Id.* at 25.) Accordingly, Judge Spatt found, although "the Petitioner received ineffective assistance of counsel with respect to Liotti's failure to object to the sentencing enhancement in the rejected plea offer, it is not clear what prejudice, if any, the Petitioner suffered as a result." (*Id.*) The Court later denied Petitioner a certificate of appealability. (ECF No. 16.)

Petitioner appealed the denial of the § 2255 motion. (ECF No. 15.) While the appeal was pending, he moved for reconsideration. (ECF No. 20.) Judge Spatt denied that motion in April 2015. (ECF No. 27.)

On May 20, 2015, the Second Circuit issued a mandate that denied Petitioner's motion for a certificate of appealability and dismissed the appeal. (ECF No. 30.) Petitioner then appealed the denial of reconsideration. (ECF No. 31–32.) The Second Circuit dismissed that appeal on November 12, 2015. (ECF No. 34.)

In March 2019, Petitioner filed the instant motion under Federal Rule of Civil Procedure 60(b)(6) for relief from Judge Spatt's April 2014 judgment. After Judge Spatt's unfortunate passing, this case was reassigned to the undersigned.

5

## II. DISCUSSION

### A. <u>Petitioner's Motion is Untimely</u>

The Court first examines the timeliness of the Rule 60(b)(6) motion. A petitioner must file a Rule 60(b) motion within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Courts diverge on what period of delay will render a Rule 60(b) motion unreasonable, although a court is more likely to find a motion untimely when the petitioner has waited more than one year to file the motion. *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts."); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76–77 (2d Cir. 1995) (deeming a Rule 60(b)(6) motion filed 18 months after entry of judgment to be untimely). In addition, courts are less likely to find that a petitioner's Rule 60(b) motion was filed within a reasonable time where the grounds for that motion concern challenges to the petitioner's criminal proceedings, as opposed to new evidence or a change in law. *See United States v. King*, 2020 WL 2703682, at *3 (2d Cir. 2020) (summary order) (affirming the denial of a Rule 60(b)(6) motion filed four years after the denial of the petitioner's § 2255 motion).

Here, Petitioner waited nearly five years from Judge Wexler's denial of his § 2255 motion in April 2014 until he filed his Rule 60(b)(6) motion in March 2019. (ECF No. 34, 35.) Even assuming for the sake of argument that the Court should focus on the date when the Second Circuit denied Petitioner's appeal of the § 2255 motion—rather than the date Judge Wexler denied the § 2225 motion—nearly three and a half years elapsed between the Second Circuit's November 2015 denial of that appeal and his filing of his Rule 60(b)(6) motion. Petitioner has offered no explanation for his delay, giving the Court no basis to possibly excuse it. Given the length of Petitioner's delay and the fact that his motion relies on the initial § 2255 proceeding and advances

6

theories that should have been immediately apparent following Judge Wexler's denial of his § 2255 motion, the Court finds that Petitioner's 60(b)(6) motion is untimely. *See, e.g.*, *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding a Rule 60(b) motion untimely when filed three and a half years after judgment); *Spurgeon v. Lee*, No. 11-CV-600 (KAM), 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (deeming 33-month delay sufficient to deny motion as untimely). Accordingly, the Court denies the motion as untimely.

In any event, and out of an abundance of caution, the Court will also analyze the motion on its merits. *See Spurgeon*, 2019 WL 569115 ,at *3. For the reasons that follow, the Court rules that the Rule 60(b) motion is either lacking in merit, or successive, and thus beyond the bounds of Rule 60(b).

**B. The Legal Standard for Rule 60(b)(6) Motions**

Rule 60(b)(6) allows district courts to relieve parties from judgment for any reason justifying relief, though such motions are granted only in "extraordinary circumstances." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)). While Rule 60(b) applies to habeas proceedings, a petitioner may not use it "to avoid the restriction on second or successive habeas corpus petitions." *Dent v. United States*, No, 09-Civ.-1938, 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013); *see Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) ("Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only to the extent that it is not inconsistent with applicable federal statutory provisions and rules.") (internal alterations, quotation marks, and citations omitted).

Rule 60(b) motions and habeas corpus petitions "have different objectives." *Rodriguez v. Mitchell*, 252 F.3d 191, 197 (2d Cir. 2001). They differ in that while a habeas petition attempts to undermine a criminal conviction or sentence, a Rule 60(b) motion "only seek[s] to vacate a

7

judgment, such as a judgment dismissing a habeas petition." *Robles v. Lempke,* No. 09-CV-2636, 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018) (quotation marks omitted) (citing *Ackbridge v. Barkley*, No, 06-CV-3891 , 2008 WL 4555251, at *5 (S.D.N.Y. Oct. 7, 2008)).  While a successive habeas motion or petition may raise new grounds for attacking a conviction or sentence, a Rule 60(b) motion may only pinpoint "some defect in the integrity of the federal habeas proceedings."  *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017).  *See also Gilliam v. United States*, No. 08-CR-00742, 2019 WL 2301788, at *2 (E.D.N.Y. May 29, 2019).

C. **Analysis**

Petitioner brings his Rule 60(b)(6) motion on the ground that his counsel during his § 2255 proceedings "effectively abandoned" his claim by raising a facially deficient claim of ineffective assistance of trial counsel against Liotti.  (ECF No. 35 at 1 (quotation marks omitted).)  He contends that this ineffective assistance claim—that Liotti failed to recognize and object to the § 851(a) sentencing enhancement in Petitioner's proposed plea agreement—could not show prejudice, because had Liotti raised the objection, the Government simply would have withdrawn the plea offer.  (*Id.* at 1–3.)  Petitioner also asserts that his habeas counsel was not acting as his agent when he raised this claim.  (*Id* at 5.)  In addition, Petitioner raises a new ineffective assistance claim concerning Liotti, arguing that, actually, Liotti should have advised him to accept the Government's plea offer even with the improperly included sentencing enhancement.  (*Id.* at 6–9.)

Petitioner, thus, raises one claim that purports to challenge the integrity of his § 2255 proceeding—namely, the claim that his habeas counsel effectively abandoned him—and one

8

ground for § 2255 relief—that Liotti was ineffective. The Court addresses each of these arguments in turn.

### 1. The Claim Concerning Petitioner's Habeas Counsel

To the extent that Petitioner alleges that his habeas counsel abandoned him during § 2255 proceedings, that claim is properly brought under Rule 60(b)(6). *See Harris*, 367 F.3d at 77 (allowing Rule 60(b)(6) claims on grounds of attorney abandonment). For the following reasons, this claim is meritless.

A habeas petitioner may obtain Rule 60(b)(6) relief by showing that his lawyer abandoned the case and prevented the client form being heard. *Id.* In order to justify granting this relief, "a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." *Id.* at 81 (citing *Vindigni v. Meyer*, 441 F.2d 376 (2d Cir. 1971)); *Cirami*, 563 F.2d at 34–35.

Here, Petitioner does not argue that his habeas counsel's performance amounted to either physical or constructive abandonment. He raises no arguments as to the former, since his counsel filed the § 2255 motion on his behalf. With regard to constructive abandonment, a counsel's failure to find plausible grounds for obtaining § 2255 relief and a petitioner's dissatisfaction with counsel are not grounds for a court to find constructive abandonment. *See Bridges v. United States*, No. 09-CV-5753, 2010 WL 743030, at *3 (S.D.N.Y. Mar. 4, 2010) ("It is genuinely unfortunate that appointed counsel could find no further plausible claims to bring on behalf of Petitioner. However, this does not constitute abandonment of the client."); *Fraser v. Burrell*, No. 97-CV-7358, 2006 WL 2792760, at *4 (E.D.N.Y. Sept. 1, 2006) ("Although Petitioner's dissatisfaction with Nalven's representation is certainly unfortunate, Petitioner has not shown that Nalven either actually or constructively abandoned his case.").

To the extent that Petitioner brings this claim based on his counsel's failure to raise Petitioner's new ineffective assistance theory, that argument is also unavailing. The failure of an attorney to raise a specific issue in a habeas petition does not warrant Rule 60(b)(6) relief. *Abad v. United States*, No. 09-Civ.-8985, 2018 WL 2021698, at *2 (S.D.N.Y. Apr. 12, 2018) (citing *Harris*, 367 F.3d at 74); *Azaz v. Artus*, No. 09-CV-3857, 2014 WL 59929, at *2 (E.D.N.Y. Jan. 7, 2014) (holding that a contention that counsel's brief and objections were inadequate did not amount to "total abandonment of petitioner's case"). Accordingly, Petitioner's case does not meet the requisite level of "extraordinary circumstances" that would merit granting Rule 60(b)(6) relief.

### 2. The Claim Concerning Petitioner's Trial Counsel

The Court also denies the motion with regard to Petitioner's newly raised claim for § 2255 relief, although it does not reach the merits of this newly raised claim. This claim is successive, and therefore not properly before the Court under Rule 60(b)(6). This claim must be characterized as a successive petition because it seeks a second chance to relitigate Liotti's alleged ineffectiveness, and does not bear on the integrity of his underlying § 2255 proceedings. *See Elliott v. United States*, No. 17-cr-128, 2020 WL 127640, at *2 (E.D.N.Y. Jan. 10, 2020) ("Elliott's criticism of his habeas counsel's performance . . ., in effect does not attack the integrity of the § 2255 proceeding but rather asks that I reconsider the merits of that proceeding in Elliott's favor."); *Dent*, 2013 WL 2303044, at *2 ("It is obvious that petitioner's current request for relief should be characterized as a second or successive habeas petition. He is plainly challenging his conviction, not the process used to resolve his prior habeas corpus petition.").

That the claim here is new, albeit the counterfactual of one of the claims raised in the underlying § 2255 motion, does not save Petitioner's argument. It is well-established that petitioners may not assert new claims for relief under Rule 60:

10

> Using Rule 60(b) to present new claims for relief from a . . . judgment of conviction—even couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

*Gonzalez*, 545 U.S. at 531; *Robles*, 2018 WL 1320657, at *5 (reciting rule that a motion presenting new claims seeking relief from the underlying conviction is beyond the scope of Rule 60(b)); *Dent*, 2013 WL 2302044, at *2.

The Court may not entertain this portion of the Rule 60(b)(6) motion because it seeks to raise a successive § 2255 motion. The Court may only rule on it if the Second Circuit first certifies that the request contains "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). *See also Elliott*, 2020 WL 127640, at *3. The Second Circuit has made no such certification. Accordingly, the Court cannot reach the merits of this portion of the motion, and this portion of the motion is also denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Rule 60(b)(6) motion. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). It is further ordered that the case remain closed.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner.

**SO ORDERED.**

Dated: September 17, 2020
      Central Islip, New York

                                                      /s/ (JMA)
                                                   JOAN M. AZRACK
                                                   UNITED STATES DISTRICT JUDGE